IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE PICKETT, # 129430, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19cv231-WHA |
| | ) | [WO] |
| GUY NOE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Before the court is Alabama inmate Willie Pickett's *pro se* petition for writ of habeas

corpus under 28 U.S.C. § 2254, in which Pickett challenges (1) his August 1987 conviction

for first-degree rape following a jury trial in the Montgomery County Circuit Court, and

(2) his September 1987 convictions for child abuse and interference with custody pursuant

to guilty pleas entered in the Montgomery County Circuit Court. Doc. No. 1.[1] Pickett was

sentenced as a habitual offender to life in prison for the rape conviction and to concurrent

terms of 20 years in prison for the child abuse and interference-with-custody convictions.

In his petition, Pickett asserts that his convictions were obtained as the result of his

unlawful arrest and extradition in 1987. *Id.* at 5–7. According to Pickett, no arrest warrant

supported by a sworn affidavit was ever issued against him. *Id.* Pickett also claims that he

---

[1] Unless otherwise indicated, references to document numbers ("Doc. No(s).") are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

is being held unlawfully by the Alabama Department of Corrections ("ADOC") because the Montgomery County Circuit Court "dismissed" the charges against him in May 2013 after he filed a Rule 32 petition in that court. *Id.* at 1, 5 & 15. As discussed below, Pickett's claim that the charges against him have been dismissed is without merit. As further discussed, the court recommends that Pickett's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

## II. DISCUSSION

### A.   "Dismissed Charges"

Pickett claims that his incarceration by ADOC is illegal because, he says, the Montgomery County Circuit Court "dismissed" the charges against him in May 2013 after he filed a Rule 32 petition in that court. Doc. No. 1 at 1, 5 & 15. Pickett states that he did not "discover" this information until October 2017. *Id* at 1.

With his § 2254 petition, Pickett submits a copy of a case action summary sheet related to a Rule 32 petition challenging his rape conviction that he filed in the Montgomery County Circuit Court in March 2013. Doc. 1-1. Pickett highlights an entry on the case action summary sheet that indicates: "CHARGE 01 DISPOSED BY: DISMISSED ON 05/02/2013." *Id*. at 1. A review of the document submitted by Pickett, however, indicates that "CHARGE 01" refers to the Rule 32 petition filed by Pickett, not the criminal charges for which he was convicted, and that the Rule 32 petition was dismissed by the trial court on May 2, 2013. *Id*. at 1; *see also id*. at 3 (indicating "CHARGE 01: RULE 32–FELONY. . ."). This is borne out by reference to records on Alacourt, Alabama's online access to public trial court records, which establish that a Rule 32 petition filed by Pickett on March

25, 2013, was summarily dismissed by the trial court on May 2, 2013, on grounds that the petition was untimely under Rule 32.2(c) of the Alabama Rules of Criminal Procedure.[2] *See* Docket of Montgomery County Circuit Court Case No. CC-1987-1077.67, Documents 3, 6 & 8 (AlacourtACCESS, https://v2.alacourt.com/). The records reflect that Pickett appealed from the denial of the Rule 32 petition and that, on August 23, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment in a memorandum opinion. *Id.,* Document 13.

The documents submitted by Pickett and Alacourt records make it clear that, contrary to Pickett's claim, the charges against Pickett were not dismissed by an order of the Montgomery County Circuit Court in May 2013. The order of dismissal to which Pickett points as support for his claim is, as stated above, an order by the trial court dismissing as untimely Pickett's Rule 32 petition attacking his rape conviction. Pickett's claim is frivolous and has no basis in fact; therefore, it can afford him no relief.

**B.    Pickett's § 2254 Petition is Successive**

Pickett has previously filed separate § 2254 petitions challenging his August 1987 conviction for first-degree rape and his September 1987 convictions for child abuse and interference with custody. The § 2254 petition attacking Pickett's child abuse conviction was filed on February 22, 1991. *See Pickett v. Nagle*, Civil Action No. 2:91cv171-MHT. The claims in that petition were adjudicated adversely to Pickett, and on December 1, 1993, this court entered a final judgment denying the petition and dismissing the case with

---

[2] The court takes judicial notice pursuant to Rule 201, Fed.R.Evid., of the records on Alacourt regarding Pickett's case.

prejudice. *See* Doc. No. 8-2. The § 2254 petition attacking Pickett's conviction for interference with custody likewise was filed on February 22, 1991. *See Pickett v. Nagle*, Civil Action No. 2:91cv176-MHT. The claims in that petition were adjudicated adversely to Pickett and, on December 1, 1993, this court entered a final judgment denying the petition and dismissing the case with prejudice.[3] *See* Doc. No. 8-2. The § 2254 petition attacking Pickett's conviction for first-degree rape was filed on November 18, 1998. *See Pickett v. Davis*, Civil Action No. 2:98cv1296-ID. The claims in that petition were adjudicated adversely to Pickett and, on March 18, 1999, this court entered a final judgment denying the petition and dismissing the case with prejudice. *See* Doc. No. 8-1.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that

---

[3] Although this court did not consolidate Civil Action No. 2:91cv171-MHT and Civil Action No. 2:91cv176-MHT, the court deemed it efficient to consider the cases together in the same recommendation and final order and judgment, because the procedural history of the cases and the bases for the court's rulings were "virtually identical." Doc. No. 8-2 at 1 n.1.

(continued…)

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[4] 28 U.S.C. § 2244(b)(3)(B) & (C).

Pickett's instant § 2254 petition is successive as to the § 2254 petitions he filed in Civil Action No. 2:91cv171-MHT, Civil Action No. 2:91cv176-MHT, and Civil Action No. 2:98cv1296-ID. Those earlier § 2254 petitions—which collectively attacked the same three convictions Pickett challenges in his instant § 2254 petition—were adjudicated adversely to Pickett and were all dismissed with prejudice. Pickett furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition. "Because this undertaking [is a successive] habeas corpus petition and because [Pickett] had no permission from [the Eleventh Circuit] to file a [successive]

---

[4] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief."

*Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See*

*Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an

order from the court of appeals authorizing the district court to consider a successive habeas

petition, the district courts lack jurisdiction to consider the petition). Consequently, the

instant petition for writ of habeas corpus should be summarily dismissed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Pickett's

petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED for want of

jurisdiction, as Pickett has failed to obtain the requisite order from the Eleventh Circuit

Court of Appeals authorizing a federal district court to consider his successive habeas

application.

It is further

ORDERED that on or before May 30, 2019, Petitioner may file objections to the

Recommendation. Petitioner must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and

recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de*

*novo* determination by the District Court of factual and legal issues covered

in the Recommendation and waives the right of a party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 14th day of May, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge