IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE PICKETT, # 129430, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 2:19cv231-WHA |
| | ) [WO] |
| GUY NOE, *et al.*, | ) |
| Respondents. | ) |

## **ORDER**

This case is before the court on the May 14, 2019 Recommendation of the Magistrate Judge (Doc. # 10) and Petitioner's objection thereto (Doc. # 11).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the objection to be without merit and due to be overruled.

Petitioner filed this § 2254 petition in March 2019 challenging (1) his August 1987 conviction for first-degree rape following a jury trial in the Montgomery County Circuit Court and (2) his September 1987 convictions for child abuse and interference with custody pursuant to guilty pleas entered in the Montgomery County Circuit Court. Doc. # 1. The Magistrate Judge recommended that Petitioner's § 2254 petition be dismissed for want of jurisdiction, because Petitioner filed previous § 2254 petitions challenging his convictions that had been denied and dismissed with prejudice, and Petitioner had not obtained permission from the Eleventh Circuit to file a successive habeas petition, as required by 28 U.S.C. § 2244(b)(3). *See* Doc. # 10 at 5–6.

In his instant § 2254 petition, Petitioner asserted that his 1987 convictions for rape, child abuse, and interference with custody were obtained as the result of his unlawful arrest and extradition. *See* Doc. # 1 at 7. In his objection to the Magistrate Judge's Recommendation, Petitioner merely repeats his claims regarding his allegedly unlawful arrest and extradition in 1987. *See* Doc. # 11 at 1–2. Petitioner does not address the issue of his petition being successive. Therefore, he says nothing that undermines the Recommendation that his petition be dismissed as successive.

The Magistrate Judge's Recommendation noted that Petitioner also claimed in his § 2254 petition that he is being held unlawfully by the Alabama Department of Corrections because the Montgomery County Circuit Court "dismissed" the charges against him in May 2013 after he filed a Rule 32 petition in that court. The Recommendation noted that the "dismissal" Petitioner was citing as the basis for this claim was actually the dismissal of his Rule 32 petition by the state trial court. Petitioner does not pursue this claim in his objection.

Accordingly, Petitioner's objection (Doc. # 11) is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge (Doc. # 10), and it is hereby ORDERED that the petition for writ of habeas corpus (Doc. # 1) is DISMISSED for lack of jurisdiction because Petitioner has failed to obtain the requisite order from the Eleventh

Circuit Court of Appeals authorizing this court to consider his successive habeas application.

DONE this 29th day of May, 2019.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE